# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, ) | |
|                 Plaintiff, ) | Case No. 2:13-cr-00332-JCM-CWH |
| vs. ) | **ORDER** |
| JOHNNY JONES, ) | |
|                 Defendant. ) | |

       This matter is before the Court on Third-Party Las Vegas Metropolitan Police Department's ("LVMPD") Emergency Motion to Quash Subpoena Duces Tecum (#17), filed November 27, 2013; Defendant's Response (#22), filed December 11, 2013; and LVMPD's Reply (#23), filed December 13, 2013.

## BACKGROUND

       On August 27, 2013, the Grand Jury returned an Indictment charging Defendant Johnny Jones ("Jones") with two counts of violation of 18 U.S.C. § 922(g)(1), convicted felon unlawfully in possession of a firearm. (#1). The Indictment includes forfeiture allegations pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Jones made his initial appearance before the undersigned on September 5, 2013, where he was ordered detained pending trial. (#4). The case is not complex and is governed by a joint discovery agreement. (#10). Trial is currently set for March 3, 2014.

       On or about October 17, 2013, Jones, through his appointed counsel, served a subpoena on the custodian of records for LVMPD to appear and produce the following: (1) certified copies of all records, investigative files, and findings regarding the complaint made by Jones against LVMPD Officer Kathleen Geiger ("Officer Geiger"), and (2) all certified complaints, investigative files, and findings from any complaint ever made against Officer Geiger. *See* Ex. A attached to

1  LVMPD Mot. (#17). LVMPD represents that it disclosed a copy of the complaint made by Jones
2  against Officer Geiger and the associated Citizens' review board regarding Officer Geiger on
3  November 27, 2013, the day it filed this motion. *See* Affidavit of Jaime Frost ("Frost Aff.") at ¶ 5.
4  LVMPD, however, refused to produce any other complaints, investigative files, or findings of
5  investigations claiming that Jones is improperly using Fed. R. Crim. P. 17(c) to engage in a fishing
6  expedition in hopes something turns up and cannot articulate the relevancy, materiality, or
7  admissibility of the information sought. LVMPD did agree to provide a list "of the [Internal
8  Affairs] investigations which Officer Geiger has been involved in, the disposition from the Citizen
9  Review Board Complaint from Jones, and letters from the Citizen Review Board to Officer Geiger
10 and Jones" for in-camera review.

11      In response, Defendant Jones argues that Officer Geiger was heavily involved in the
12 underlying investigation which led to Jones' arrest. The involvement included receiving and
13 executing a telephonic search warrant, which resulted in the seizure of evidence and arrest of
14 several individuals, including Jones. He claims that the complaint he made against Officer Geiger
15 and the results of any investigation by the LVMPD Citizens Review Board are relevant to establish
16 whether Geiger's actions were "improper and led to an invalid search warrant." He also claims the
17 complaint is relevant for impeachment purposes at trial. Defendant Jones asserts his request for
18 materials related to complaints made by other individuals against Officer Geiger are not a fishing
19 expedition, but are relevant to demonstrate a pattern of routine misconduct on the part of Officer
20 Geiger. Lastly, Defendant Jones argues that LVMPD failed to demonstrate that compliance with
21 the subpoena would be unreasonable or oppressive. Jones agreed to an order requiring LVMPD to
22 submit a list of the Internal Affairs investigations involving Officer Geiger for *in camera* review.

23      In reply, LVMPD reasserts its position that the subpoena should be quashed and a
24 protective order issue. It also reasserts its position that the subpoena is an improper fishing
25 expedition. LVMPD notes that there are several different policies or regulations for which an
26 officer can be investigated that have nothing to do with this criminal case, no bearing on
27 credibility, and no impeachment value. The reasons proffered as to why the requested information
28 is relevant and material are, according to LVMPD, simply conclusory allegations of relevancy that

should be rejected.

On December 19, 2013, shortly after the close of briefing on this issue, the Court issued a minute order requiring LVMPD to "submit a list of all Internal Affair investigations in which Officer Geiger has been involved (including a summary for each investigation, the disposition from the Citizen Review Board Complaint, and letters from the Citizen Review Board to Officer Geiger and Defendant Jones for in camera review." *See* Min. Order (#24). The requested information was submitted in a timely manner and the undersigned has had the opportunity to review the materials.

## **DISCUSSION**

Federal Rule of Civil Procedure 17(c) establishes the process by which federal courts can issue subpoenas *duces tecum* for the production of evidence before trial. Rule 17, in pertinent part, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The standards governing the issuance of subpoenas *duces tecum* under Rule 17(c) were analyzed in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Courts have discretion to direct that a subpoena *duces tecum* be made returnable before trial. Nevertheless, the law is clear that Rule 17 is not a discovery device. *Sellers*, 275 F.R.D. at 622-23 (collecting cases); *see also e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974). As noted in *Sellers*, "[l]eave of court is required for a pretrial subpoena *duces tecum*." *Id*. at 623 (citation omitted). The Supreme Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

The moving party bears the burden of showing good cause for the requested pretrial production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in

advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a fishing expedition. *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. The moving party must "show the evidentiary nature of the requested materials ...." *United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *Sellers*, 275 F.R.D. at 623-24 (citations omitted). Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id*. (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). Requiring specificity also protects against Rule 17(c) subpoenas being used improperly to engage in fishing expeditions. *Id*. (citation omitted). A subpoena may be quashed or modified "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

After review, the Court finds that Defendant Jones has not met his burden to demonstrate that the requested information is relevant, admissible, or that the request is sufficiently specific. In conclusory fashion, Jones claims information regarding the internal investigation of the complaint he made against Officer Geiger for alleged actions undertaken during this case are relevant "to establish whether Officer Geiger's actions in [this] case were improper and led to an invalid search warrant." This circular reasoning is insufficient to demonstrate relevance. The allegations underlying the complaint are obviously known to Jones, he made them. Officer Geiger's actions in the investigation and arrest of Jones in this case are also known. To the extent the actions were improper or were premised on illegal police action, Jones has had every opportunity to challenge those actions through the filing of motions, including a motion to suppress or for a *Franks* hearing.

The internal investigation adds nothing to the underlying facts and allegations from Jones. Jones' claim that the investigative material is "admissible at trial for impeachment purposes" is entirely conclusory and is not supported by any reasoning or argument. Consequently, Jones has not met his burden to show the information is admissible.

The request for materials related to all other complaints made by other individuals against Officer Geiger and any investigation reports thereto also fails. Contrary to Jones contention, the request does not satisfy the specificity requirement. Rather than limit the request to other similar complaints, Jones has cast the broadest possible net in hopes something turns up. This is, simply put, an improper fishing expedition. As LVMPD points out, complaints and investigations can be initiated for a wide variety of reasons, including reasons unrelated to the alleged wrongdoing. Moreover, the Court rejects the notion that this information is relevant to show that Officer Geiger's actions "in other cases are similar to alleged improper actions in this case and to establish a routine of misconduct." The mere filing of a complaint does not mean the alleged action was improper or that there has been misconduct. If this were true, there would be nothing to prevent defendants from simply making allegations of official misconduct in order to rummage through other police records that they are otherwise not entitled to. As before, unsupported allegations of admissibility for purposes of impeachment are insufficient.

Despite the foregoing, the Court did review the documents submitted *in camera*. The documents were unremarkable and do not warrant the broad disclosure sought by Defendant Jones. LVMPD has produced the complaint made by Defendant Jones against Officer Geiger and the Citizens Review board relating thereto. This disclosure is sufficient.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Third-Party Las Vegas Metropolitan Police Department's Emergency Motion to Quash Subpoena Duces Tecum (#17) is **granted**.

DATED: January 30, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**